**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF/RESPONDENT**

**V.**                                    **CASE NO. 5:22-CR-50024**

**KRYSTLE OWEN**                                    **DEFENDANT/PETITIONER**

**ORDER**

Before the Court are Defendant Krystle Owen's Motion for Compassionate Release (Doc. 58), the Government's Response (Doc. 63), and Ms. Owen's Reply (Doc. 64). Ms. Owen asserts her sentence should be reduced because (1) she has been rehabilitated, (2) she is the only available caregiver for her grandmother, and (3) her sentence was too long and "sentencing disparities themselves may constitute extraordinary and compelling reasons for relief, regardless of retroactivity" under 18 U.S.C. § 1B1.13. (Doc. 58, p. 11). For the following reasons, Ms. Owen's Motion is **DENIED**.

On February 9, 2023, this Court sentenced Ms. Owens to 137 months of imprisonment for the distribution of a substance containing methamphetamine. *See* Doc. 41, p. 33. Considering 18 U.S.C. § 3553(a) factors, the Court found no need to vary upward or downward from the recommended sentencing range. While Ms. Owen was addicted to drugs, relatively young, and experienced a rough upbringing, there were still significant aggravating factors. Ms. Owen conducted drug transactions in public and was associated with a large-scale drug distributor. *See Id.* at 25. Despite her youth, Ms. Owen had a significant criminal history with "approximately 10 prior felony convictions." *Id.* at 27.

The Sentencing Commission has identified five categories of "extraordinary and compelling reasons" that justify early release. *See* U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* There is also a fifth catch-all category: a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

First, Ms. Owen argues she is the only available caregiver for her 93-year-old grandmother. *See* Doc. 58, p. 7. Ms. Owen reasons that "[w]hile her grandmother is not bedridden, she faces the unavoidable limitations associated with advanced age." (Doc. 64, p. 2). In a declaration submitted in support of the Motion, Ms. Owen's grandmother writes she requires assistance with "meal preparation, medication management, transportation to medical appointments, household chores, and general supervision." (Doc. 58, p. 19). Ms. Owen's argument relies on § 1B1.13(b)(3), which requires the "incapacitation" of the family member needing a caregiver. Courts usually read § 1B1.13(b)(3)'s "incapacitation" as near-complete disability. *See United States v. McCoy*, 2025 WL 2353013, at *3 (10th Cir. Aug. 14, 2025) (accepting the Bureau of Prison's non-binding definition that incapacitation means "completely disabled, meaning that the [individual] cannot carry on any self-care and is totally confined to a bed or chair" (citation modified)); *see also United States v. Bolden*, 2020 WL 4286820, at *4 (W.D. Wash. July 27, 2020) (finding the BOP's definition "instructive"). There is no indication

2

that Ms. Owen's grandmother is incapacitated for the purposes of § 1B1.13(b)(3). While caring for an aging but otherwise able family member is a noble cause, it is not an extraordinary and compelling circumstance justifying early release.

Second, Ms. Owen attests her sentence was too long and if she "were sentenced today under current guidelines and policy statements, she would not remain incarcerated at this stage of her sentence." (Doc. 58, p. 12). This Court does not agree that it would sentence Ms. Owen differently today, and Ms. Owen's Motion does little to demonstrate any alleged disparity. Ms. Owen's arguments mirror those based on § 1B1.13(b)(6), a section of law that has been recently limited by the Supreme Court. *See Rutherford v. United States*, 146 S.Ct. 1320 (2026). To the extent that § 1B1.13(b)(6) survives, it applies only to prisoners who have already served more than ten years in prison for unusually long sentences, and Ms. Owen has not served ten years in prison.

Third, Ms. Owen's efforts to rehabilitate herself are certainly commendable. In this Court's judgment, however, efforts to rehabilitate alone do not constitute extraordinary and compelling reasons warranting early release.

**IT IS THEREFORE ORDERED** that the Motion for Compassionate Early Release (Doc. 58) is **DENIED**.

**IT IS SO ORDERED** on this 26th day of June, 2026.

                                                          TIMOTHY L. BROOKS
                                                          CHIEF UNITED STATES DISTRICT JUDGE